# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY FRANKLIN THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-CV-0450-CVE-TLW |
| TULSA POLICE DEPARTMENT; TYLER TURNBOUGH, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing pro se. Before the Court is Defendant Turnbough's motion to dismiss for failure to state a claim (Dkt. # 18).[1] Defendant also filed a Special Report (Dkt. # 17) as directed by the Court. Plaintiff filed a response to the motion (Dkt. # 19). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted as to the constitutional grounds for relief specifically identified in the complaint. However, in light of Plaintiff's pro se status, the Court liberally construes the complaint as also alleging a violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. That claim remains pending. Defendant Turnbough shall be directed to file a motion for summary judgment as to the Fourth Amendment claim.

## BACKGROUND

In the "Nature of Case" section of his complaint (Dkt. # 1), Plaintiff provides the following statement:

> Traffic stop gone very bad. "Excessive force" stabbed 18 times by Officer. I had no drugs or weapons. See Witness Dr. Michael Charles, St. John Medical center 1923 S. Utica Ave. Tulsa Ok. 74104.

---

[1] Defendant Tulsa Police Department was dismissed in a prior Order. See Dkt. # 3.

See id. at 2. Based on those and other facts alleged in an additional handwritten page, id. at 3, Plaintiff identifies three (3) causes of action, as follows:

| | |
|---|---|
| Count 1: | First Amendment, Eighth, Fourteenth, Fifteenth, & Ninth.<br>I ask the officer what the problem was & Officer became very hostile & aggressive. Sprayed me with mase [sic]. |
| Count 2: | Eighth. I was charged with assault for resisting & stabbed 15 to 18 times by Officer Turnbough & sent to jail with overly high bond.<br>I was stabbed in my face, three stab wounds in my ear, stabbed twice in my head, 3 to 4 times in my neck, two more times in my back & also in the middle of my chest 1 ½ [ ] from heart. |
| Count 3: | 14th Amendment.<br>I feel I was treated very unfair by Mr. Turnbough as a citizen. I wanted to file charges on the officer but went on death [sic] ear. I wasn't helped in the matter. |

Id. at 2, 4. In his request for relief, Plaintiff asks for "2 million for 'mental anguish,' 2 million for 'excessive force,' 2 million for 'pain & suffering,' 2 million for 'punitive damages' & violation of my constitutional rights." Id. at 4. As stated above, Defendant Turnbough requests that the complaint be dismissed for failure to state a claim upon which relief may be granted.

*ANALYSIS*

**A. Dismissal standard**

Federal courts must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations

of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Defendant's motion to dismiss**

At least twice in the complaint, Plaintiff uses the term "excessive force" to describe the actions taken against him by Defendant Turnbough during the course of an arrest. However, in his motion to dismiss, Defendant Turnbough addresses only the specific constitutional bases identified

3

by Plaintiff, i.e., the First, Eighth, Ninth, Fourteenth, and Fifteenth Amendments, and claims that the complaint fails to state a claim under those constitutional provisions. The Court agrees with Defendant, but only to the extent Plaintiff failed to identify the constitutional amendment providing the standard applicable to his claim of excessive use of force.

The Tenth Circuit has succinctly explained the legal standards governing claims of excessive use of force, as follows:

> "Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment . . . and each carries with it a very different legal test." Porro v. Barnes, 624 F.3d 1322, 1325 (10th Cir. 2010). For instance, although an excessive force claim brought under the Fourth Amendment depends on the objective reasonableness of the defendants' actions, the same claim brought under the Fourteenth Amendment turns on additional factors, including "the motives of the state actor." See id. at 1325-26. Thus, a district court evaluating an excessive force claim must first "isolate the precise constitutional violation with which [the defendant] is charged" because "[t]he choice of amendment matters." Id. at 1325 (citing Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)); see also Graham v. Connor, 490 U.S. 386, 393-95, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).
>
> Determining which amendment applies to an allegation of excessive force requires consideration of "where the [plaintiff] finds himself in the criminal justice system." Porro, 624 F.3d at 1325. Any force used "leading up to and including an arrest" may be actionable under the Fourth Amendment's prohibition against unreasonable seizures. Id. at 1325-26. By contrast, claims of excessive force involving convicted prisoners arise under the Eighth Amendment. Id. "And when neither the Fourth nor Eighth Amendment applies – when the plaintiff finds himself in the criminal justice system somewhere between the two stools of an initial seizure and post-conviction punishment – we turn to the due process clauses of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action by federal or state authorities." Id. at 1326 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).
>
> It is therefore well-established that the Fourteenth Amendment governs any claim of excessive force brought by a "pretrial detainee" – one who has had a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." Bell v. Wolfish, 441 U.S. 520, 536, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (quoting Gerstein v. Pugh, 420 U.S. 103, 114, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)); see also Graham, 490 U.S. at 395 n.10, 109 S. Ct. 1865. For

> similar reasons, we have also concluded that the Fourteenth Amendment standard "controls excessive force claims brought by federal immigration detainees." Porro, 624 F.3d at 1326.
>
> On the other hand, we have held that the Fourth Amendment, not the Fourteenth, governs excessive force claims arising from "treatment of [an] arrestee detained without a warrant" and "prior to any probable cause hearing." Austin v. Hamilton, 945 F.2d 1155, 1160 (10th Cir. 1991) (emphasis added), abrogated on other grounds by Johnson v. Jones, 515 U.S. 304, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995).

Estate of Booker v. Gomez, 745 F.3d 405, 418-19 (10th Cir. 2014). In this case, Plaintiff complains of excessive force used against him during his arrest. Therefore, as explained in Estate of Booker, Plaintiff's claims of excessive use of force arise under the Fourth Amendment. None of the allegations in the complaint implicate protections afforded under the First, Eighth, Ninth, Fourteenth, or Fifteenth Amendments. For that reason, the motion to dismiss shall be granted as to any claim allegedly arising under the First, Eighth, Ninth, Fourteenth, or Fifteenth Amendments.

**C. Plaintiff's claim of excessive use of force**

Plaintiff alleges that Defendant Turnbough used excessive force during the course of Plaintiff's arrest when Defendant sprayed him with mace "for no reason" and stabbed him multiple times when Defendant "had no reason to try and kill me." See Dkt. # 1 at 3. In light of Plaintiff's pro se status, the Court liberally construes those allegations as stating a claim for violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Graham v. Connor, 490 U.S. 386, 388 (1989); Terry v. Ohio, 392 U.S. 1, 8 (1968).

The Fourth Amendment standard governing excessive force claims is well settled. "[L]aw enforcement officers must be 'objectively reasonable' in their searches and seizures." Dixon v. Richer, 922 F.2d 1456, 1461 (10th Cir. 1991). According to the Supreme Court,

5

> Determining whether force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake . . . . Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight . . . . The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Graham, 490 U.S. at 396 (alterations, citations, and quotations omitted). A court "must assess reasonableness from the perspective of a reasonable officer on the scene, 'rather than with the 20/20 vision of hindsight,' and consider that 'police officers . . . make split-second judgments-in circumstances that are tense, uncertain and rapidly evolving-about the amount of force necessary in a particular situation.'" Blossom v. Yarbrough, 429 F.3d 963, 967 (10th Cir. 2005) (quoting Graham, 490 U.S. at 396-97). To evaluate excessive force, the Court views the facts from the perspective of the officer. See Graham, 490 U.S. at 396-97. The focus of the inquiry is on the circumstances as they existed at the moment force was used. Id. In evaluating an excessive force claim, courts are to consider the totality of the circumstances. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (citing Sevier v. City of Lawrence, 60 F.3d 695, 699 (10th Cir. 1995)).

Defendant Turnbough has not addressed Plaintiff's claims under Fourth Amendment standards. Therefore, within twenty-one (21) days of the entry of this Order, Defendant Turnbough shall file a motion for summary judgment addressing Plaintiff's claim of excessive use of force under the Fourth Amendment. Plaintiff shall file a response within twenty-one (21) days of the filing of Defendant's motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss (Dkt. # 18) is **granted in part** as to Plaintiff's claims raised under the First, Eighth, Ninth, Fourteenth, and Fifteenth Amendments.

2. The complaint is liberally construed as stating a claim of excessive use of force under the Fourth Amendment. Plaintiff's Fourth Amendment claim has not been addressed by Defendant and remains pending.

3. Within twenty-one (21) days of the entry of this Order, Defendant Turnbough shall file a motion for summary judgment addressing Plaintiff's claim of excessive use of force under Fourth Amendment standards.

4. Plaintiff shall file a response within twenty-one (21) days of the filing of Defendant's motion for summary judgment. **Failure to file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f).**

**DATED** this 8th day of January, 2015.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE